**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andre H. Ali,<br><br>                 Plaintiff,<br><br>v.<br><br>Cash Time Title Loan Centers,<br><br>                 Defendant. | No. CV-17-00546-TUC-BGM<br><br>**ORDER** |

Plaintiff Andre Ali, filed a *pro se* Complaint (Doc. 1) and did not immediately pay the $350.00 civil action filing fee, but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.    APPLICATION TO PROCEED IN FORMA PAUPERIS**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff receives disability benefits. The statement also indicates that Plaintiff's sole asset is his vehicle and his expenses nearly equal his income. The Court finds Plaintiff is unable to pay the fees. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or

Costs (Doc. 2) will be granted.

**II. STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT**

This Court is required to dismiss a case if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard

- 2 -

applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. at 998 (quoting *Hison v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, — U.S. —, 135 S.Ct. 346, 346 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III. COMPLAINT

Plaintiff's Complaint appears to allege that Defendant attempted to illegally collect a debt, and refused to accept Plaintiff's nationality. Compl. (Doc. 1) at 4, 7. Plaintiff seeks eight (8) million dollars as compensation for these alleged wrongs. *Id.* at

7.

**IV.  SUBJECT MATTER JURISDICTION**

As an initial matter, this Court must consider whether it has jurisdiction to hear Mr. Ali's claims. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal question jurisdiction. District courts also have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of  different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. This is referred to as diversity jurisdiction.

Plaintiff's Complaint (Doc. 1) cannot support diversity jurisdiction as Plaintiff and Defendant are both citizens of Arizona. *See* Compl. (Doc. 1). Furthermore, Plaintiff's Complaint (Doc. 1) is devoid of any facts to support that he is alleging a violation of federal law. *See id*. The Complaint (Doc. 1) uses terms such as "pain and suffering," "predatory lending," and "religious discrimination" without explanation as to the circumstances or relevance of the terms to any legal wrong. *Id.* at 4, 7. Plaintiff also indicates that Defendant allegedly "refuse[d] to accept [his] nationality" without further

- 4 -

explanation. *Id.* at 7. Exhibits attached to the Complaint include a letter to President Obama regarding the Moorish National Republic, a name declaration, and an identification card application, as well as various title loan documents. *See* Compl. (Doc. 1) at 9–14; *see also* Discl. of Fact (Doc. 6).

Because the jurisdictional basis of Plaintiff's Complaint (Doc. 1) cannot be discerned, the Court will dismiss Plaintiff's Complaint (Doc. 1) for lack of subject matter jurisdiction.

## V. FAILURE TO STATE A CLAIM

Plaintiff's Complaint (Doc. 1) does not contain any facts beyond mere allegations that he suffered losses. Such "the-defendant-unlawfully-harmed-me" accusations are insufficient to state a claim under Rule 8, Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Further, Plaintiff's Complaint (Doc. 1) fails to provide sufficient detail to put defendants on notice as to the nature and basis of his claims. *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). In light of the insufficiency of the factual basis, Plaintiff's Complaint (Doc. 1) will be dismissed with leave to amend.

## VI. LEAVE TO AMEND

Within 30 days, Plaintiff may submit an amended complaint. Plaintiff's amended complaint should clearly set out each claim Plaintiff is making, and name all appropriate parties. Any amended complaint submitted by Plaintiff should be clearly designated as

such on the face of the document. Plaintiff must also abide by the strictures discussed in Section IV., *supra*.

An amended complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original Complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, grounds for relief alleged in the original Petition that are not alleged in an amended petition are waived. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**VII. MISCELLANEOUS FILING**

Plaintiff also filed a document entitled MDIP Rules of Federal Civil Proceedings [sic] Violations (Doc. 10). The Court notes that the Complaint has not yet been served, and as such Defendant cannot be said to have violated any orders in this cause of action. As such, the Court will strike this improperly filed document from the record.

**VIII. WARNINGS**

*A. Address Changes*

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . .

### *B.    Rules of Court*

Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants. In addition, Step Up to Justice offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If Plaintiff wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

### *C.    Copies*

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv. 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### *D.    Possible Dismissal*

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

## VIII.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees

- 7 -

or Costs (Doc. 2) is GRANTED;

(2) Plaintiff's Complaint (Doc. 1) is DISMISSED WITH LEAVE TO AMEND. Plaintiff has **thirty (30) days** from the date of filing of this Order to file an amended petition in compliance with this Order; and

(3) Plaintiff's MDIP Rules of Federal Civil Proceedings [sic] Violations is struck from the record.

Dated this 29th day of November, 2017.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge